Cases to be submitted today on oral argument. We'll hear the first two and then take a brief recess and then Finish the day's docket. We begin with Gonzales-Cantu v. Sessions Mr. Gonzales Thank You judge May it please the court My name is Mario Gonzalez along with attorneys Viad Gonzalez and Rufus Salem We represent the petitioner who seeks review of the decision of the Board of Immigration Appeals holding that She was not diligent in filing her motion to reopen and was not entitled to equitable tolling with leave of court I respectfully reserve five minutes for rebuttal Your honors during the pendency of this petition for review This court decided in lieu of rescind his v Lynch that equitable tolling is applicable to statutory motions to reopen When the petitioner establishes due diligence in pursuing her rights and that an extraordinary circumstance beyond her control prevented timely filing The facts of the present case are substantially similar to the case of Lugo rescind is the petitioner was also a Leo permanent resident who was ordered removed as an aggravated felon for an offense that Just six months later in Chapa, Garza. This court held did not in fact constitute a crime of violence However, like Lugo rescind is the petitioner was subject to the regulatory departure bar that prevented review of the erroneous decision until the court invalidated the rule as Applying to statutory motions to reopen in the 2012 decision of Garcia Correa's The petitioner also did not discover the changes of law in Chapa, Garza and Garcia Correa's until January 5th That's not actually true. Is it? She fought she did an affidavit or a sworn statement on January 5th That said that she recently found out she didn't say a date. She didn't say today She said recently don't you have a duty to at least prove? What day she found out if that's a day you're using is the day dequitable tolling ends and the 90 days begin Isn't it her burden to establish that date and this doesn't do that. It just says she recently found out as of January 5 Your honor the The petitioner is as the court described in Lugo rescind is an individual has been deported. She's likely poor uneducated it obviously indicates a lack of articulation, but what she what we believe that she was trying to convey is that The date that she's drafting her affidavit is when she wait a minute. Didn't she get counsel at some point? You're here She obtained counsel for the filing of her motion to reopen Okay And so if if this document wasn't adequate, you know The lawyer can help her draft one presumably the lawyer speaks English and knows what's needed and can ask her Hey, you said recently do you mean January 5th that day or did you mean two weeks before a month before or when? I mean, so I appreciate that. She may not know all the fine points, but that's why you get counsel So, why do we have this very vague affidavit or declaration as the sole evidence of the end of the tolling period even Spotting you what is a very generous rule, which is actual discovery ends the tolling So even we spotted you that you haven't given us a date Yes, obviously we can only go by what's on the record we assume And The way that I read the the affidavit in my review of the case for preparation for oral argument is That's why I understood as well when she was indicating that I realized the courts Confusion with the way that she drew she stated how she she she found out But obviously in the beginning of her of her statement she didn't indicate on this day So I think she was only modifying the fact that on this day in other words recently today Where's the on this day? It's on the beginning of the Affidavit on the I believe it's the first paragraph It says that she's Angela can't you can I declare on this day January 5 that the facts stated are true and correct? So that's the day she's signing this but then later on she doesn't say today First of all, it's not rational in my view to think that she just came up with this on her own She sat down to side write and sworn Declaration if we're going to accept that she's so unknowledgeable about the law and poor and ignorant and all the things that you've said And I don't know one way or the other that's inconsistent with just waking up one day and going Oh my gosh, I need to write a declaration. I mean this looks like something she was told to write So again, this says on this day. She wrote the affidavit then she says I recently found out We don't know when that was it isn't that fatal to your claim even spotting you this very generous rule of actual discovery In the case of legal rescind is your honor this court requires that the individual exercise not maximum feasible diligence, but just reasonable diligence and Whether it's a day or two. She could have been more clear as to when she actually Discovered the decisions in Garcia Correa's when we under the way I understood the the statement is that when she was saying recently is the day that she's drafting her statement You know if you go back and look at the reported decisions of this court Very often. I've seen the situation where a panel would say we recently decided blah blah blah And it's a case that's seven or eight or ten years old. So the word recent is is pretty loose, isn't it? It's definitely a poor choice choice of words But that's how I would characterize it to the court She exercised reasonable diligence in on January 5th, obviously she Promptly and diligently filed. No because she filed the she didn't file until March 18 which is Again, that's all just preparation of the attorney arguments. We The firm obtained the statement that we needed for purposes of filing the motion to reopen and the rest of the time was attorney Preparation of the briefs that were presented to the immigration. Okay, let me ask you this Let's put aside for the moment the question of when she actually found out What was she doing? That caused her to find out How did she find out? What does the record show us about that? The record does not your honor obviously at the time we did not have the benefit of the decision in legal rescindance in which the court indicated that We should be given due consideration to individuals that are poor uneducated unable to effectively speak the language much less read and digest complex legal decisions And Which is precisely the reason why we are requesting a remand for proper development, yes The BIA the BIA unlike Lugo Resendez did in fact apply equitable tolling or in other words consider Equitable tolling and spot the idea that it could exist and found her to lack diligence Diligence is an aspect of equitable tolling with or without any new case law. Okay, that's been true for decades Okay, so my question is what evidence do we have in the record of how she found out and What she was doing to be diligent Accepting she's poor in all of this stuff. There's still some requirement of diligence What evidence do we have of either one how she actually did find out ultimately and what she was doing that you think qualifies? As diligence. Well first your honor to the first part of your question or your Statement the board the way we read the board's decision and of course the the immigration judge's decision It does not appear that they took equitable tolling into consideration at all Because then the way that the court phrased it is even assuming that this is the way the court phrased it even assuming that it's applicable and of course Signed a bright line rule to when the timing It was when when the When it was triggered And so we don't believe that the the Board of Immigration Appeals or the immigration judge gave any due consideration to as the court articulated in Lugo-Brescindy's The fact that many of these individuals are poor uneducated and unskilled Okay, I mean you have now said that several times and I appreciate that and I don't mean to be disrespectful of that fact But there's still some burden on her and I've now asked you several questions Should all be within her knowledge and she was represented by counsel at all relevant times in this whole Presentation to the IJ and BIA. Okay, given that What evidence do we have of anything that would support anything? I mean, that's the problem I see no evidence of anything other than on January 5th She does a declaration that says essentially now I know but it doesn't say when she recently found out When she doesn't say how she doesn't say what she was doing that was diligent taking into account her less than then You know PhD status Well, your honor my reading of the statute that authorizes motions to reopen and Indicates just the new facts that are to be proved in the reopen proceeding the statute and neither does the regulation Indicate that it requires a high level of specificity And in this case she She described how she had lost all hope as an act as an individual Removed from the country as an aggravated felon subject Is trying to apply this rule in a way that doesn't just open it up to Assertions that forever change of the law The law is crafted provides a great deal of protection for people who do discover When an error has been made and an error was made and it was a critical error, but then on the other hand they have to you have to come up with something to bring you within the Limits that which this court has to set in order to achieve some level of finality So that's the difficulty no, it's not like a sympathy for your client You can read the legal and see that where I come from that. Of course, people are sympathetic for that They're they're not English-speaking many of them and how would they know and how do they discover such a thing? There's a but that said you can't just have a law that retro reaches out and then 20 years later somebody comes in and says well, I found out this and I'm starting all over again So, how do you how do you do that? How do you that's our problem? Yes, Your Honor. Well in this case, Your Honor An individual is removed as an aggravated felon Like she stated in her in her affidavit. She had lost all hope the Supreme Court Indicated it's the equivalent of banishment and exile and an individual like that Is not articulate, not versed, not able to follow But Equitable tolling and at least in this case, it's a a non-jurisdictional statute of limitations But it's not wholly an individual pick A not B pick C not D It has to have some principled organizational structure and it has to have some element of finality Yes, Your Honor. Yeah, so how would you write a rule that would put your client within the reach of the rule and the benefit of it and not open the door? Yes, well, we would urge the court not to Assign a Like the court characterized in Lugo-Versant, it's a bright line rule Be all and end all And to consider the facts and circumstances of an individual's case because the as a Supreme Court indicated in Holland v. Florida equitable tolling is is meant to Escape the evils of archaic rigidity and to accord all relief necessary But equitable tolling is is animated by the discovery principle that we're not going to limitations got going to run them until You actually discover and know and that's because it was inequitable to run the limitations if you don't know Or shouldn't have reasonably have known so The doctrine itself of equitable tolling contains within it the protection of the equitable protection, doesn't it? And the discovery principle. Yes, Your Honor, but in this case and I come back to the Holland v. Florida decision In which the court indicated that non-jurisdictional statutes of limitations are Subject to a rebuttable presumption In favor of equitable tolling especially in a situation as this where It is evident from the record Before the immigration judge and the board that the basis for her removal was invalid to begin with after the court's decisions in Chapa Garza and so we would urge the court not to to apply a Restriction and to allow the courts to conduct the the what evidence do we have that she's uneducated and unable to speak English and all Of that because this this declaration is is readable and it's much more articulate than a lot of You know statements that I've seen from people. So what evidence do we have of that other than your say-so? Well, that's precisely the reason why we would request a remand There's don't you have a burden if you're gonna come in and say that the IJ and the BIA messed up Don't we need something more than speculation? That they messed up and that this woman is uneducated and all these other things and was diligent all we were basically Spotting her a whole host of things based on nothing She certainly has knowledge of her education, etc, etc I mean my dad came here as an immigrant and had a PhD. So the fact is not every immigrant lacks education true, your honor, of course, neither she Neither the board nor the immigration court had of course the benefit of the standard articulated by this court in legal rescind is and as such obviously a Situation like this where the it's evident that the basis for removal is invalid it It demands a Perhaps even an evidentiary hearing to ascertain whether in fact She is one of the individuals as this court characterizing Garcia-carreras. All right, you've saved your full time for rebuttal. Thank you Mr. Rivera You May it please this court. My name is Andrew Olivera on behalf of the respondent the Attorney General Jefferson Sessions Gonzales can't who is challenging a removal order that was executed in 2000 She has a burden in her motion to reopen to demonstrate due diligence, which this court has Defined as reasonable diligence. This is a standard that this court has held for decades and Immigration judge and the board correctly determined that the affidavit that she submitted did not meet her burden And accordingly because the board's decision was consistent with the decisions of this court and other courts of appeals The decision was not arbitrary or capricious As judge Haynes has pointed out the affidavit here does not present any evidence to demonstrate Due diligence as defined by this court a reasonable diligence. There's there's nothing about when she learned of The decisions how she discovered it and what efforts she undertook And The case law is fully consistent That I mean actually the IJ found that she discovered at October 2014 based on an attorney statement in The pleadings and you haven't said anything really about that in your briefing. What do we do with that? I know somebody said that's a mistake, but I mean, we don't really have any evidence of when she discovered it Why wouldn't that be some evidence? Correct the the the motion to reopen before the immigration judge actually provided Multiple dates of discovery. There was the January 5th date and the October date So the immigration judge simply noted that if we go by the October date as the date of Discovery the motion itself is still untimely However, the board did not get to that issue and so we are focusing just on what the board held which is that she failed to demonstrate due diligence as opposed to Even with due diligence. It was untimely if it were timely what relief would she got? well, she's seeking to reopen the The order of removal, but the timeliness issue is only the first hurdle. She then must also convince the board to Understand that but then where would she be if she were timely what would be the process she would have to go through If it was determined to be timely, yeah Well, then she would have to convince the board to reopen as a matter of discretion and if it was reopened then it would go Back for a hearing to determine removability Well, she could because she'd be Is she entitled to and to return to the United States Only if she was timely If the case was reopened and then it was Terminated then yes, she would be allowed to return Don't you think that's a lot of incentive to for someone in Mexico to who has been desperately trying to stay in this country to Learn when that suddenly they're entitled to return And Entitled to return. Yes, your honor. Yeah, they they don't act with diligence correct, as you said she wanted to return and Being able to return is an incentive and yet her affidavit does not I'm just suggesting to you that the inherent incentives That are created by this era That is she was wrongfully deported and so she's gonna be able to correct that to return to the United States that's a very powerful incentive for someone who who is obviously they're anxious to have been in the United States and involuntarily departed so in looking at these rules of Someone may not discover it is and what you're going to good argue and that the incentives are They didn't would tell you that they didn't learn much earlier than this and they would have acted unless they just Slept on their rights. It's hard to believe that is correct, but Again, that's the point of the affidavit How does the affidavit solve the problem? She can demonstrate the efforts that she undertook The the standard that this court employs is reasonable diligence and while she may have an incentive she has to act on that incentive And there's no clear-cut answer on exactly what she can do, but that's what she needs to demonstrate in her Affidavit before the immigration judge. It's something more than nothing Correct here. She hasn't shown anything more than nothing in her declaration, correct? And that's why we provided the 28 J letter for Avila Perez which is an almost identical case and this court upheld the board's decision that the Avila Perez did not Demonstrate due diligence because there was just simply no facts provided in the affidavit. Do we know that she didn't come back? We don't actually know. We don't know where she is. There is some uncertainty over that given that the filings with the immigration judge and the board do not list a residence for her so I mean she could have come back a long time ago and that would also implicate whether she's gonna have much of an incentive to Get back in the system so to speak because just because you moved to reopen And they reopen it doesn't mean you necessarily win. It could be other things we don't know about We don't know what she's been doing in the intervening 16 years that would affect her ability including coming back unlawfully that would affect her ability to To potentially regain her permanent residence status, right? It's not automatic just because she gets the just because her motion reopens timely And just because she has this argument that the original removal was wrong It doesn't automatically mean she's getting right back to being a lawful permanent resident. Does it? That is correct. Okay Well, no because it still has to be reopened and it was and then there would have to be What relief does she get well, it would be You can't deport her She would have to She would have to challenge the the charge of removability of course given the 16 years Homeland Security could if they find other charges could Could charge her with additional charges What if she committed crimes in Mexico would that have an impact It would depend on the crime and what if she's been here all along she left in 2001 or whatever and came back in 2002 and has been here unlawfully ever since does that impact it? I Believe so. Yes, your honor. I mean, there's a lot of factors. We don't really know correct and that's What the immigration judge and we noted why her affidavit is so essential and if there's just nothing there to Demonstrate that she warrants reopening What was the basis of her deportation? She had DWI offenses which a driving while intoxicated She admitted to in her affidavit that she had three and she was Removed on the grounds that those DWIs were aggravated felonies one in particular that they Relied on Anything else if there are no further questions, we ask that this court affirm the decision of the board and deny the petition for Review. All right. Thank you. Thank you Mr. Gonzalez, you say time for a bow Your honor's this one final point Again we would prefer the court to the case of Holland v, Florida In which the court Indicated that the non-jurisdictional statute of limitations is subject to a rebuttable presumption in favor of equitable tolling and in this case The government did not even oppose her motion when it was filed with the wasn't that a habeas case Yes, your honor it was it's not dealing with the discretion of an agency on whether somebody you have a it's a very very deferential standard review that we have here over the Board of Immigration Appeals and You're asking us to find as a matter of law that they abuse that discretion and so that seems like a very different case from and Frankly, even the Holland v, Florida line of cases aren't that everybody gets it just based on whenever they found out about whatever they found out About it. They're still just diligence. And again, we're still back to I mean, I know we've gone around in circles on this Something more than nothing and I thus far I haven't heard anything more than nothing again, the The record before the Immigration Court at the time that she filed Clearly indicated that the decision on which the court had based her removal Was invalid your honor and this court indicated in local recendees that denying her the opportunity to seek Review and as the court indicated it's it's not a foregone conclusion that she's gonna succeed but denying her The her ability to seek review as to the validity of that removal order is as this court characterized a particularly serious matter Well, what what indication is that they didn't take it seriously? I mean they considered equitable tolling they considered her diligence The fact that they said arguendo doesn't change that they considered it And so what does what abuse of discretion do we find here? What can overcome this very deferential review status? Which can you point us to that shows they didn't seriously consider it, etc, etc Just because she lost right well the immigration judge started on with the premise that it was beyond the 90-day deadline from the date of her removal and Where we find that they lacked the proper The application of the standard obviously did not have a benefit of it until the local recendees but Indicated that even assuming that it was applicable that it wasn't timely because it wasn't filed Within 90 days of those decisions and did not take into consideration Her own lawyer put in the motion that said October 2014 or even any I mean Discovered it before then Which is certainly within the recently of January 5 She's done no matter how much we spot her and how much we give her because the 90-day deadline is a very short deadline and It can't possibly be any longer than 90 days from when she actually found out a date We still don't know The October date the court mentions was a typographical error Obviously the attorney had indicated the January and obviously her statement indicates that as well We did indicate to the board that that was a typographical error the board obviously Recognized that and in his decision it referred to the January 9, 2015 date Unless the court has any further questions, that's all I have. Thank you, Mr. Gonzales. The case is under submission